**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1366
_____

JONATHAN GOULD,
                                        Appellant
v.

DETECTIVE ROBERT O'NEAL;
SERGEANT JOHN CAMPO;
ASSISTANT PROSECUTOR ROBERT GRADY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-17-CV-100)
District Judge: Honorable John M. Vazquez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2022
_____

Before: SHWARTZ, MATEY, and FUENTES, Circuit Judges.

(Filed  December 16, 2022)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

MATEY, *Circuit Judge*.

Jonathan Gould sued members of the Essex County Prosecutor's Office for false arrest and malicious prosecution in violation of 42 U.S.C. § 1983. The District Court found all are immune from suit, and granted Defendants' motions for dismissal and summary judgment. Finding no error, we will affirm.

**I.**

Jonathan Gould had power of attorney ("POA") for multiple bank accounts owned by his elderly mother and authorization to use several of her credit cards. In 2014, JP Morgan Chase Bank Global Security and Investigations ("GS&I") began reviewing some of Gould's transactions. Although most concerned his mother's nursing home, GS&I concluded that $171,014.20 related to Gould's personal purchases. GS&I shared these findings with the Essex County Prosecutor's Office ("ECPO").

The matter was assigned to Detective Robert O'Neal and Assistant Prosecutor Robert Grady. Gould agreed to an interview at the ECPO, but when he arrived, O'Neal (joined by Sergeant John Campo) advised Gould of his *Miranda* rights. This was a surprise to Gould because, before arriving, O'Neal told him he was not a suspect. The meeting quickly concluded but, before Gould left, he was served with a summons charging him with second degree theft under N.J. Stat. Ann. § 2C:20-3(a).[1] Soon after, Gould's mother executed an affidavit stating she was aware of Gould's spending, and that he enjoyed "carte

---

[1] "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof." N.J. Stat. Ann. § 2C:20-3(a).

blanche" to use her funds. App. 282. Statements she then confirmed in an interview with O'Neal. As a result, Grady administratively dismissed the criminal complaint.

Gould sued Grady for false arrest and O'Neal and Campo ("Officers") for false arrest and malicious prosecution, all in violation of 42 U.S.C. § 1983. The Officers moved for summary judgment on qualified immunity; Grady moved to dismiss for prosecutorial immunity. The District Court granted the motions and Gould now appeals.[2]

## II.

### A.    Qualified Immunity

Gould argues that the Officers violated his Fourth Amendment rights in contravention of 42 U.S.C. § 1983. But state actors, including law enforcement officers, may avoid liability under § 1983 where no constitutional violation occurred. *Wright v. City of Philadelphia*, 409 F.3d 595, 599 (3d Cir. 2005); *see also Reichle v. Howards*, 566 U.S. 658, 664 (2012). That is the case here, because Defendants must have acted without probable cause for there to be an action under false arrest, *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988), or malicious prosecution, *Allen v. N.J. State Police*, 974 F.3d 497, 502 (3d Cir. 2020). Probable cause exists where "the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo in the light most favorable to Gould. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018). We also review the motion to dismiss for failure to state a claim de novo, accepting Gould's factual allegations as true. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).

3

was committing an offense." *Wright*, 409 F.3d at 602 (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)) (brackets omitted).

Viewing the evidence in the light most favorable to Gould, the Officers had probable cause sufficient to conclude that Gould had committed an offense. The ECPO received a credible report from GS&I that, after an internal investigation, Gould used significant funds from his mother's account for personal expenses—findings supported by the documents GS&I provided, and that O'Neal reviewed. Contrary to Gould's reading, the POA did not provide limitless authority. Gould was given power to make payments "requisite and necessary" to his mother's estate, including gifts to descendants only for "health, education, maintenance, and support." App. 284–85.

Taken as a whole, a reasonable officer could conclude that the POA did not authorize $171,000 of cross-country trips. A conclusion shared by Assistant Prosecutor Grady, who decided to charge Gould with second degree theft. That decision reinforces the Officers' actions, as "a police officer who relies in good faith on a prosecutor's legal opinion that the arrest is warranted under the law is presumptively entitled to qualified immunity from Fourth Amendment claims premised on a lack of probable cause." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 255–56 (3d Cir. 2010).

Because the Officers had probable cause, Gould cannot press claims for false arrest or malicious prosecution, and therefore cannot show that the Officers violated his constitutional rights. As the District Court held, the Officers are protected by qualified immunity, making summary judgment against Gould proper.

**B.       Absolute Prosecutorial Immunity**

Nor can Gould bring a § 1983 false arrest claim against Assistant Prosecutor Grady for his decision to bring charges. The doctrine of absolute prosecutorial immunity holds that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). And the doctrine includes all actions performed in a "quasi-judicial" role, including "out-of-court behavior intimately associated with the judicial phases of litigation." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (internal citations omitted).

Gould argues that Grady undertook "investigative" actions outside of his prosecutorial role when he advised the Officers to charge Gould. But that decision is prosecutorial, not investigative, and Grady was still acting as an advocate for the State by "initiating a prosecution" by charging Gould. *Imbler*, 424 U.S. at 431. *See also Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993))).

That gives Grady absolute immunity from liability for his decision, so the District Court properly dismissed Gould's claim.

**III.**

For these reasons, we will affirm.

5